and we can see you just fine. Great. Good morning, Your Honor. My name is Luis Cortez. I'm here for petitioner. I would like to reserve three minutes for rebuttal. I'll watch the clock. All right. Thank you. I would like to start, Your Honors, with the board's erroneous prejudice analysis and the way that we kind of construct it down. We feel that the board misapplied the way that the decision was to be done. To be sure, they did dictate the right, the right legal standard. In the decision, they do say that the test is whether the ineffective performance by prior counsel may have affected the outcome of the proceedings. Counsel, I'm going to ask you a question about the deficient performance prong. The board simply assumed without deciding that there was deficient performance. If you are successful in obtaining a remand, is the BIA free to revisit that and instead of assuming it, analyze it and determine whether there was in fact deficient performance? I think that's right, Your Honor, because they didn't reach it and they just assumed that on remand they would have to independently figure that out and then we would have to make our case again before the board on that on that point. Did I answer your question? Yes, thank you. Yes, so I hear the legal infirmity really comes in in the way that they applied whether or not it may impact or may affect the outcome of the proceedings. First, the board relies on the fact that there wasn't a case or a published case that categorically said that petitioner's conviction was an aggravated felony and the board says that because there wasn't a case that says that it was an aggravated felony that he can't show that there was prejudice on there. So it's a little confusing on this procedural posture because it's the government that has to show that it is an aggravated felony and so that factor really seems to cut in petitioner's favor that there wasn't a categorical match or it wasn't a case that categorically said that this was an aggravated felony. So the council's admission that it was an aggravated felony does prejudice him in that way. And as we point out, as we pointed out to the board, and this is on page 68 and 69 of the record, we pointed out to the board that this court had made some evaluations on similar statutes to indicate that it was not an aggravated felony. So there was some case out there that the court, excuse me, that prior counsel could have relied on and the petitioner could have relied on to show that it's not an aggravated, that his conviction was not an aggravated felony. Counsel simply admitted that it was, conceded that it was an aggravated felony, correct? That's correct, your honor, and that's really the only time in this record where the petitioner's conviction has been found to be an aggravated felony. The board didn't find that it was an aggravated felony. It's in his decision. They just said there was no case that indicated that it was not then. Even though the government, you know, has the burden before the agency, if you go back, how would you envision a remand proceeding would occur? What would be the parameters of that? I think that there are two things left outstanding. As Judge Graber pointed out, there's still the deficient performance evaluation that needs to be evaluated, and I think there's the, the board needs to find as to whether the record here shows whether he was convicted of an aggravated felony or not. On that score, there is also, it's used as an enhancement, but the record of conviction here shows a 1991 conviction for possession or purchase for sale of a narcotic, and that activity would be potentially an aggravated felony. Does the record show what specific substance was involved in the 1991 conviction? I don't believe that the record does show that what the substance of wasn't the 91 conviction, and the 91 conviction was not properly before the board because that wasn't the conviction that the government advanced to in his removal proceedings. So on remand... But it was part of the record of the current conviction. It was used as an enhancement, and if, let's say it had not just said possession or purchase for sale, but it had gone on to say possession or purchase for sale of heroin, as defined in blah, blah, blah, which is federal law. Why couldn't the board have said, well, it doesn't matter if this one is an aggravated felony because we Isn't that available also, depending on what the record shows? I don't believe so, Your Honor, because the charging document, the notice to appear that initiates all these proceedings, puts out the factual allegations and then the legal theory that the government is going to continue on to establish removability. So if they're going to use the 91 conviction or any of that, it would have to be relitigated, and I think that the board would have to take it Maybe, but why wouldn't it play into the prejudice analysis? Because there needs to be factual development to figure out whether or not the record really establishes that, and I don't know if... Well, I know. I was assuming that, but it seems to me that if the substance were a match, then it could certainly be part of the analysis of prejudice, I would think. Potentially, Your Honor, the substance would have to be a match. The Actus Reis portions of it would have to be a match. So they would have to reinstate that? Excuse me? If they were to go back, what would be... You'd have to go back to the IJ? Potentially, if the government is looking to potentially submit more evidence to establish by clear and convincing evidence their... If they find deficient performance, because the government could have charged things that it didn't. Fraud for returning under a false name, for example, or they could have reinstated the earlier removal order, all of which would have potentially made things harder for your client. So it might have been a permissible decision, in which case they wouldn't get to prejudice. What would be a permissible decision, Your Honor? That there's no deficient performance. Oh, I see, I see. Did the board rely on the new one conviction at all? No, Your Honor. And even mention it? No, Your Honor. And so, and neither did the immigration judge at the time that he issued the initial removal order. Regarding the reinstatement, Your Honor, I'll go there now since Your Honor brought it up. The reinstatement of the prior removal order, the board and the government seems to jump to a few things. One, that it would lead to the revocation of his legal permanent residency, which is unclear that it would, and I'll explain why in a second. And two, that he wouldn't be successful in challenging the reinstatement of his removal order, which he's allowed to do. And so, and let me give you a hypothetical of how it can play out. Suppose that they find deficient performance and that it's not an aggravated felony. Did the reinstatement come up before the board? Not before the board, Your Honor. Not mentioned at all? Well, the board did mention it. I'm sorry, the board did mention as the second reason as to why he couldn't establish prejudice is that the government could have, as what they say, that the government could have reinstated his prior removal order. And so, therefore, there's no prejudice. Did the government say anything about its intention to reinstate? Before the IJ, Your Honor, yes, there was several adjournments where the IJ gave the government a chance to figure out whether they were going to do it, and the government did not. And there was questions as to whether they could do it. They came out after the adjournments and said they didn't intend to rely on it, right? That's right, Your Honor. Importantly, they don't say why they don't do that. It seems to me, and if we look at the board's decision as it outlines, he was previously removed, and he was already a legal permanent resident, though the government did not And the way that this happened procedurally, as we outlined, and it's kind of reflected on the record, he obtained his temporary permanent status in the late 80s. That then converted into legal permanent residency by operation of law. You don't have to do anything else. You just become a legal permanent resident. So there are instances where folks don't know they're a legal permanent resident. They know that they have their temporary one, and then just time goes by, they become legal permanent residents, and they are And he, in the early 90s, when he was removed, he did not, the removal order did not revoke his legal permanent residency status. And we know that because when he returned, he was able to renew his green card because there was no order revoking his status. And then when they placed him in proceedings this time, this is when they removed his actual status. So to reinstate the prior removal order, as the court knows from the petitions review it receives from the challenges of reinstatement, there's collateral attacks that can be done. So, but the board assumes that, assumes that a reinstatement would lead to his deportation and the revocation of his legal permanent residency. But there's nothing in the record that would really show that. And in fact, as Judge Hawkins pointed out, there was many instances where the government had the opportunity to and then did not do it. After many adjournments and specific opportunities to do so, the record was, excuse me, the proceedings were continued specifically to see if they were going to reinstate. And then that happened over and over and over again. And then finally, one of the prosecuting attorneys in the IJ level said that they were not going to reinstate. So I think, lastly, Your Honor, I think the board, just finishing up on the reinstatement, I think the board erroneously relied on this potential reinstatement in the future because it's a hypothetical proceeding that may happen at some point in the future as to whether or not he suffered prejudice. And that just seems to be the, it goes beyond the logical limits of evaluating prejudice, of thinking about a hypothetical proceeding in the future, and then trying to figure out what the conclusion of those proceedings are. Especially in a case like this where there was an opportunity to do that and that didn't happen. And so we felt that they committed error in their evaluation that way. Lastly, Your Honor, and then I reserve the rest of my time for rebuttal, I do want to address very briefly just the sua sponte reopening because there are those two potential available avenues for him. The board, after it's made its full evaluation on that there was no prejudice, then said, well, we're not going to exercise our sua sponte authority to reopen it because there's no exceptional circumstances in the case. And it did that after it found that there was no prejudice. So if this court agrees or agrees with our position, disagrees with the board that there is prejudice, I think that that changes the evaluation as to whether or not there's exceptional circumstance that may merit a reopening. This court, I don't think, can reach that question, whether it is or is not an exceptional circumstance. But it can say, because it found the prejudice conclusion was faulty, and then the board found that there was no exceptional circumstance, now that there's a finding of prejudice, that could impact the underlying logic of the reasoning. So the board should take a look at the sua sponte reopening one more time. They should. How do we have jurisdiction over the sua sponte decision not to reopen? Generally, as you know, our cases are pretty clear that it's unreviewable on appeal. Yes, Your Honor. I think that the way that this court has jurisdiction is that the denial of the sua sponte reopening seems to be rested on the conclusion that there's no prejudice, amongst other factors, because it says it's after that evaluation, it said there's no exceptional circumstance here. And so that finding, that there's no exceptional circumstance, is rooted in, partly in the conclusion that there was no prejudice. If the court finds that there is prejudice, then it should, the court can vacate that part of it because it's made on a faulty legal conclusion that there was no prejudice. So you want to have your client have the cake and eat it too? And I think that you were trying to preserve both ends of it. And I think that's important, Judge Hawkins, because... I don't want to get into your rebuttal. Okay, I'll save the rest of my time for rebuttal. Thank you so much. Thank you. May it please the Court, Your Honors, Joanna Watson on behalf of Respondent, United States Attorney General. I want to start with this, the burden of proof here, because petitioner is seeking reopening. He has a heavy burden to meet. While initially the clear and convincing evidence of the removal charge did rest with the Department of Homeland Security, the immigration judge can sustain that charge based on concession. And when that happens, you know, the immigration judge sustained that charge, but now we're looking at the reopening, it's his burden to show that that charge should not have been sustained, or there should have been a different outcome. And he's provided some cases that say that the conviction is not an aggravated felony under the categorical approach, but he hasn't provided any cases that say under the modified categorical approach that his conviction qualifies as an aggravated felony, and therefore he hasn't shown prejudice to warrant reopening. And I'd also like to apologize, I'm getting over bronchitis. As to prejudice, so he hasn't shown an exceptional situation, which forces the court lax jurisdiction over whether there's an exceptional situation to warrant reopening. Sua Sponte, the board also said that because of his convictions, you know, they wouldn't do it, that he didn't warrant Sua Sponte reopening because of those convictions and his character. Counsel, excuse me, I have a question. If the government is limited to the charge in the charging documents for this NTA, and can it carry its burden to show that this was an aggravated felony? Well, if it had gone to the government proving its burden, I mean, they could have submitted additional documents to show under the modified categorical approach, but because of the concession, DHS didn't have that opportunity to do that, didn't need to do that, because the immigration judge can sustain the charge based on the concession. Let me put it another way. If limited to the charging documents, did the government have the ability to show that this was an aggravated felony? I don't believe so here, because we know that he was charged with heroin, and the charging document also discusses cocaine, and those are two drugs that would fall under an aggravated felony. We're not looking at like a marijuana small amount here. We're talking about pretty substantial drugs. And to that matter, it's actually, this charge qualifies as a controlled substance charge, which they could have charged him with that as well. But they did not. No. And we can't go outside the record. At this point, we can't start looking at other statutes that they might have charged him with, correct? We can't go outside the record. But looking at futility, and this court's had a couple of cases lately on futility. I mean, if it went back, all of these, there could be additional charges added. DHS could add additional charges if the board sent it back to the immigration judge. They could possibly reinstate this. I mean, we're talking about a very substantial seven-year sentence for three different controlled substance violations. Let me ask you also, counsel, I want to ask you the same question I asked opposing counsel about the 1991 conviction, which is listed on the abstract of judgment and used as an enhancement. The possession and purchase for sale is an act that would be categorically potentially an aggravated felony. The abstract does not show the specific drug involved. Does the record tell us anywhere the existing record, what drug or controlled substance was involved in that 1991 conviction? No, the charging document did not specify the drug that was involved, but it did for the other 11352 charges that it said heroin and cocaine. But for the enhancement for the 1991 conviction, it did not specify the amount. But as I said, if this went back to the immigration judge to litigate the charges, I mean, they could potentially put in more information. And it seems that he's going to be found removable on something. I mean, it's the seven-year sentence. We have a person with two different aliases. And to that extent, USCIS, he was denied a U visa, again, because of his character from these convictions. I mean, a U visa is a potential relief for somebody who was the victim of a violent crime. And USCIS said no in this instance, because of the crimes that he was convicted for. So say if this goes back again, he's going to be found, it's either going to be reinstated, or they're going to relitigate this and he's going to be found removable for something. But of course, that's not a basis for saying we should affirm at this stage, correct? I mean, if it goes back, counsel recognizes that the record may, you know, gets reopened, in fact, and there's maybe alternative charges. But here we have the BIA kind of speculating about reinstatement, for example. And I don't see how at this stage of the proceedings, given the record that we could deny the petition rather than remand. What is your position on that? Oh, you could uphold the board determination that he didn't meet his burden for reopening. He has that heavy burden of showing that it should be upheld. This case is interesting, because I've only been doing this for 29 years. But this is the first time I've seen a dissent in a board decision. This does not happen. Um, there are few and far between. I would agree with that. But even in this system, the due diligence and all of these things, and there are relevance with the board ultimately being found. I mean, the whole thing comes down to prejudice. And in the context of a motion to reopen, it's whether he's shown a reasonable likelihood that he'd prevail on the merits. And you have to look at what he submitted, and he hasn't in the record. He hasn't submitted anything to show that this is not an aggravated felony. It's not his burden. And it's his burden because he's seeking reopening. It's the government's burden. Initially, it's the government's burden to show by clear and convincing evidence that he's removable on the charges. But when it was conceded, the immigration judge can sustain the charge based on a concession. So now that he's seeking reopening, it's a heavy burden that he has to meet to show that there's a reasonable likelihood that he would anything in the record to show that this is not an aggravated felony under a modified categorical approach. I mean, he talks about that the type of drug wasn't listed, but it is. It says heroin. So we know that. And the only thing that we we know is it's not categorically an aggravated felony. But he just hasn't met his burden of showing that it doesn't qualify as an aggravated felony under the modified categorical approach. And you could uphold the board's determination that he hasn't shown the requisite prejudice or met that heavy burden for reopening. I think I've covered. There's no further questions. I'll rest on the briefs. It appears not. Thank you. Thank you. Thank you. Thank you, counsel. Thanks. And good judgment not to come out here when you're not feeling well. And we wish you a speedy recovery. Thank you, Your Honors. I will make this very brief. I think to start on page 66 and 67 on the record, we do flush out our argument as to how he has shown that it is not an aggravated felony. And it's not the controlled substance identification that it rests on, whether it's an aggravated felony. It's the act here. The transport portion of it and the offer to sell portion of it are not aggravated felonies. And the judgment, the abstract of judgment that is on the record shows the opaqueness. And it does show transport or offer to sell. So that's where we would argue that it's not that he has made a showing that on the record, there's not enough here to conclude that it's not an aggravated felony. An aggravated felony and his burden is to show that it may have impacted the proceedings. And I think as as counsel pointed out on this record, there's nothing to indicate that it is an aggravated felony. If the government wanted to establish that it would have to include more, meaning it's deficient as it is now. Lastly, Your Honor, while the respondent may be deportable under other reasons, for instance, as a controlled substance offense, it's different than an aggravated felony charge. An aggravated felony charge stops him from all the controlled substance offense. For example, he has an ability to seek discretionary relief, cancellation of removal and things like that. So even if he's potentially removable under other charges, it does impact significantly the course of the proceedings. And lastly, on my last 10 seconds, the fact that he was denied a U visa is also not a good comparator because we're dealing with inadmissibilities at that point, individuals coming into the United States and that evaluation in a discretionary basis, as opposed to someone who has been decades in the deportable, and that's a different set of analysis. So with that, Your Honor, I see I'm over time. We respectfully request that the court grant the petition for review. Thank you. Thank you. Case of Lopez versus Garland is submitted and we wish you well, Ms. Watson.
judges: HAWKINS, GRABER, McKEOWN